# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

### No. 201700247

_____

### UNITED STATES OF AMERICA
Appellee

v.

### MICHAEL A. LESH
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Brian Kasprzyk, USMCR.
Convening Authority: Commanding Officer, 9th Marine Corps District, Great Lakes, IL.
Staff Judge Advocate's Recommendation: Lieutenant Jeffrey V. Munoz, USMC.
For Appellant: Lieutenant Colonel Lee C. Kindlon, USMCR.
For Appellee: Lieutenant Kimberly Rios, JAGC, USN; Captain Sean M. Monks, USMC.

_____

Decided 9 January 2018

_____

Before HUTCHISON, FULTON, and SAYEGH, _Appellate Military Judges_

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

PER CURIAM

A military judge, sitting as a special court-martial, convicted the appellant, consistent with his pleas, of a violation of a lawful general order, reckless operation of a vehicle, being found drunk on duty, two specifications of assault consummated by a battery, and being drunk and disorderly, in violation of Articles 92, 111, 112, 128, and 134, Uniform Code of Military

Justice (UCMJ). 10 U.S.C. §§ 892, 911, 912, 928, and 934 (2016). The military judge sentenced the appellant to eight months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority disapproved the confinement and approved the remainder of the sentence, ordering the reduction executed.

The appellant assigns one error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). He argues a sentence that extends to a bad-conduct discharge is inappropriately severe. We disagree. Finding no error materially prejudiced the appellant's substantial rights, we affirm. Art. 59(a), UCMJ.

## I. BACKGROUND

The appellant served for almost 13 years in the Marine Corps, achieving the rank of staff sergeant (SSgt). His service history includes one deployment and no negative disciplinary history. His personal awards include two Navy and Marine Corps Commendation Medals, three Navy and Marine Corps Achievement Medals, and three Good Conduct Medals. He also qualified as "expert" with both his service rifle and pistol, and achieved first-class physical and combat fitness tests scores.

The appellant's record, however, is marred by the serious offenses to which he pleaded guilty. At the time of his misconduct, the appellant was serving as a recruiter attached to Recruiting Station Twin Cities. In November 2016, he and another recruiter, SSgt SL, drove a AB, a female prospective Marine, in a government vehicle to a Military Entrance Processing Station (MEPS) some distance away. The purpose of the trip was to take AB to the MEPS for testing in the afternoon. The three planned to spend the night in a hotel, and then have AB complete her MEPS processing in the morning. Then they were to return to the Minneapolis area where they were stationed.

The three spent the night in the hotel. At breakfast the next morning, the appellant drank two cocktails. While he and SSgt SL waited for AB to finish at MEPS, he went to a bar and drank three to four more cocktails. After AB finished at MEPS, the appellant drove the three of them to another bar and continued to drink. Next they went to a restaurant. The appellant then drove AB to yet another bar, where he consumed approximately nine more drinks, and provided alcohol to and danced with AB. While dancing, he attempted to touch AB's buttocks several times. When AB got up to use the bathroom, the appellant walked with her, put his hand down the back of her pants and under her underwear, and touched her buttocks. AB grabbed the appellant's hands and told him to keep them in an appropriate place. Even though AB told the appellant not to touch her, he continued to try to put his hand in her pants and touch her buttocks. He also attempted to kiss her.

The appellant started to drive AB and SSgt SL home, but failed to control the government van and damaged another vehicle. The appellant did not stop his vehicle after the accident. Ultimately, AB had to drive the government vehicle to a hotel in Sioux Falls, South Dakota, as the appellant was too intoxicated to drive back to Minneapolis. At the hotel, the appellant punched SSgt SL in the face.

## II. DISCUSSION

Under Article 66(c), UCMJ, we independently reviews sentences within its purview and only approves that part of a sentence which it finds should be approved. *United States v. Baier*, 60 M.J. 382, 383-84 (C.A.A.F. 2005). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). While this court has a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency, as that is left to "command prerogative." *Healy*, 26 M.J. at 395-96.

We have reviewed the entire record and given consideration to the appellant's service record and the other evidence in extenuation and mitigation. We have also considered the nature and number of offenses in this case—a case that represents a significant departure from the conduct expected of senior noncommissioned officers. The appellant was a staff sergeant of Marines entrusted with the welfare of a prospective Marine. He instead assaulted her and risked her safety by driving a government vehicle while intoxicated with her as a passenger. Based on our review of the entire record, we are convinced that the sentence as approved by the convening authority is appropriate and that no corrective action is warranted.

## III. CONCLUSION

The findings and sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

